Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 524 | **DATE** | 3/29/2004 |
| **CASE TITLE** | Mohammed vs. Freeman | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons set forth in the attached memorandum, Petitioner's Motion for summary judgment [Doc. 12] is denied; Petitioner's Motion to Submit Part of the Record [Doc. 14] is denied without prejudice; and Petitioner's Motion for a Status Quo [Doc. 16] is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | **Document Number** |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 17 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| jar(lc) | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |



OLUBOBA MOHAMMED, )
) No. 03 C 0524
Petitioner, )
) HONORABLE DAVID H. COAR
v. )
)
DAVID C. FREEMAN, Warden, )
Taylorville Correctional Center, )
)
Respondent. )

MAR 3 0 2004

# MEMORANDUM OPINION AND ORDER

In January 2003, Petitioner Oluboba Mohammed ("Petitioner" or "Mohammed") filed a petition for a writ of habeas corpus in this court. This case comes now before the Court on three motions the Petitioner has filed: (1) Petitioner's Motion for Summary Judgment; (2) Petitioner's Motion to Submit Part of the Record; and (3) Petitioner's Motion for Status Quo on the case. For the reasons set forth below, Petitioners' Motions for Summary Judgment and to supplement the record are denied and his motion for status quo is granted instanter.

## I. PETITIONER'S SUMMARY JUDGMENT MOTION

The foundation of Petitioner's Summary Judgment motion is his disagreement with the Respondent on the question of whether he properly exhausted his state remedies. Respondent asserts that he did not exhaust his state remedies as to at least one of his claims (Answer at 17), Petitioner asserts that he did (Pet. Motion Summ. J. at ¶ 4). Petitioner also objects to Respondent's pleading strategy by which Respondent, in its Answer, did not address the merits of issues that it believes are procedurally defaulted. As a sanction for failing to address the merits of certain of the issues presented in the petition, Petitioner seeks summary judgment in his

favor. (Pet. Motion Summ. J. at ¶6)

There are several problems with Petitioner's position in his summary judgment motion. In general, summary judgment motions are not required or encouraged in habeas cases. The issues presented in habeas petitions rarely require further factual development outside of the state court record, which the Respondent is obliged to file with its Answer. Consequently, summary judgment motions in habeas cases do not narrow and isolate factual issues for trial as they do in other civil cases. Although there is no strict prohibition on filing summary judgment motions, they are certainly uncommon, especially in this district. See United States ex rel. Brookhouse v. Ahiton, No. 97-C-642, 1997 WL 445936, at *4 n.2 (N.D. Ill., Aug. 1, 1997) (describing summary judgment motions as inappropriate in habeas cases) but see Randle v. Scott, 43 F.3d 221, 225 (5th Cir. 1995) (summary judgment motions are permissible in habeas cases).

The more particular problem with Petitioner's motion, however, is that it appears to be in the order of a motion seeking summary judgment in his favor as a sanction against Respondent. In the motion, he asserts that Respondent filed its Answer in bad faith because it noted it might seek leave to file a merits response on the issues it believes are procedurally defaulted if the Court finds that those issues are not procedurally defaulted. Respondent is free to adopt any pleadings strategy that it chooses, although it does so at its peril. Respondent has no assurance that the Court would permit supplementation of the Answer at a future stage of this litigation, but the strategy of planning to seek leave is not the proper subject for sanctions.

There being no legal, procedural, or factual basis to grant Petitioner's Motion for Summary Judgment, Petitioner's Motion is denied.

## II. PETITIONER'S MOTION TO SUBMIT PART OF THE RECORD

Petitioner has also filed a Motion to Submit Part of the Record in Support of his Reponse

to Respondent's Answer. In this hand-drawn motion, Petitioner seeks to file exhibits that in his view will demonstrate that he properly exhausted his federal claims in the state courts prior to seeking federal habeas corpus relief. The relief he requests in the motion is the ability to file the exhibits and the ability to file only a single copy of the exhibits for financial reasons.

On the record presently before the Court, the Court does not know the nature or content of these exhibits. The Court is not inclined to accept exhibits in habeas cases without a greater showing that the exhibits will be germane to certain issues in the case. As for the financial burden of production, describing the exhibits could potentially work in Petitioner's favor, as the Respondent bears the burden of providing the Court with a complete record of the underlying state court proceedings pursuant to Rule 5 of the Rules Governing Section 2254 Cases. If Petitioner can show that Respondent ought have submitted these portions of the record along with its Answer, Petitioner might be absolved of the obligation entirely. At this stage, the Court does not know what it is the Petitioner seeks to file with the Court. Consequently, the Court is going to deny the motion without prejudice to Petitioner's ability to refile the motion.[1]

### III. PETITIONER'S MOTION FOR STATUS QUO

In Petitioner's Motion for Status Quo on the case, he seeks some assurance that "no resolution has yet been made" on his petition. The Court will grant the motion and assure the Petitioner that no resolution has yet been made. When the Court reaches a resolution of the issues in his habeas petition, Petitioner will definitely be notified.

---

[1] If Petitioner chooses to refile the motion, he should describe with specificity the nature and content of the exhibits that he seeks to file.

## CONCLUSION

For the reasons set forth in this opinion, Plaintiff's Motion for Summary Judgment is denied; Plaitiff's Motion to Submit Portions of the Record is denied without prejudice to his ability to refile; and Plaintiff's Motion for a Status Quo is granted.

Enter:

_/s/ David H. Coar_
David H. Coar
United States District Judge

Dated: March 29, 2004