IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| United States of America ex. rel. Oluboba Mohammed | )<br>)<br>) |
| Petitioner | )<br>) |
| | ) No. 03-c-524 |
| v. | ) |
| David C. Freeman, Warden, Taylorville C.C. and the Attorney General of the State of Illinois | ) HONORABLE DAVID H. COAR<br>)<br>)<br>)<br>) |
| Respondents | ) |

## MEMORANDUM OPINION AND ORDER

Before this Court is a timely motion for a certificate of appealability pursuant to 28 U.S.C. §2253, filed by Petitioner Oluboba Mohammed ("Petitioner"). For the reasons stated in this order, Petitioner's request for a certificate of appealability ("COA") is DENIED.

Factual and Procedural Background

In May 1998, a Cook County jury found Petitioner guilty of possession of a controlled substance with an intent to deliver. The jury came to this conclusion after hearing testimony that four police officers saw Petitioner carry a suitcase into an apartment, entered the apartment with Petitioner's consent, searched the suitcase with Petitioner's consent, and found what was later confirmed to be 778.68 grams of heroin in the suitcase (with a street value of approximately one million dollars) and over $5,000 of U.S. currency, primarily in the form of twenty-dollar bills.

The trial court sentenced Petitioner to twenty years in prison. His conviction and sentence were affirmed on direct appeal. Petitioner then filed a pro-se petition for post-conviction relief in the Circuit Court of Cook County. The circuit court dismissed his petition as frivolous and patently without merit. Petitioner, with the assistance of appellate counsel, appealed the dismissal. The appellate court affirmed the dismissal.[1] Petitioner's post-conviction appellate counsel filed a petition for leave to appeal to the Illinois Supreme Court. That petition was denied.

When Petitioner's pursuit of collateral remedies failed in state court, he filed a pro se habeas petition in this Court pursuant to 28 U.S.C. §2254.; that petition was denied. *See Mohammed v. Freeman*, No. 03-c-524, slip op. (N.D.Ill. March 11, 2005). On March 31, 2005, Petitioner filed his request for a certificate of appealability.

## Standard of Review

A petitioner must obtain a certificate of appealability ("COA") to appeal a final order denying a habeas corpus petition. 28 U.S.C. § 2253(c)(1)(A). A district court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court has denied a petitioner's constitutional claims on the merits in a previous proceeding, the applicant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). When a district court has denied a petitioner's constitutional claims on procedural grounds "without reaching the prisoner's underlying

---

[1] Petitioner attempted to file a "supplemental brief" in addition to the one that his counsel filed. The Illinois Appellate Court did not accept Petitioner's brief.

constitutional claim," a COA should issue if reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right *and* whether the district court was correct in its procedural ruling. *Id.* at 478.

A prisoner requesting a COA "must prove 'something more than the absence of frivolity' or the existence of mere 'good faith' on his or her part." *See Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003)(quoting *Barefoot v. W.J. Estelle*, 463 U.S. 880, 893 (1983)). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id. (*quoting *Williams v. Taylor*, 529 U.S. 362, 399 (2000)).

## Analysis

Petitioner offers three reasons why he should be granted a COA. First, he argues that he did not procedurally default the first two claims of his habeas petition by failing to present them to the Illinois state courts. Second, he argues that this Court erred in determining that his Fourth Amendment rights were not violated when the officers entered the apartment, searched the suitcase, and found the heroin. Finally, he argues that reversal of his conviction is required because of prosecutorial misconduct. This Court has reviewed Petitioner's claims, finds them to be without merit, and concludes that reasonable jurists would not find its assessment of constitutional claims and related procedural rulings debatable or wrong.

Petitioner argues that by including both his ineffective assistance of trial counsel claim as it related to the search and seizure and his suppression of evidence claim in a supplemental brief on direct appeal, he avoided procedurally defaulting those claims. The problem with this argument, as this Court noted in its prior opinion, is that the Illinois Appellate Court refused to accept the brief because it was not properly submitted.

As previously noted, a petitioner must properly present his claim to each and every level of the state judicial system. Once Petitioner defaulted the claims by failing to present them to the Illinois Appellate Court, he could not remedy the situation by presenting them to the Illinois Supreme Court. *See, e.g., Lewis v. Sternes*, 390 F.3d 1019, 1030 ("...Lewis plainly had committed a default as to his ineffectiveness claims before he reached the Illinois Supreme Court."). Petitioner, however, persists in arguing that the issues related to his ineffective assistance claim and his suppression of evidence claim were properly raised before the Illinois Appellate Court, despite the fact that the Illinois Appellate Court rejected his brief.[2]

The Illinois Appellate Court was following well established state precedent when it rejected Petitioner's brief: in Illinois, a petitioner is generally not permitted to proceed under a "hybrid representation" model where both the petitioner and the petitioner's counsel submit briefs to the state court. *See, e.g., People v. Woods*, 684 N.E. 2d 1053, 1058 (Ill. App. 1997)("If a defendant is represented by appellate counsel (either appointed or private), he has no right to a 'hybrid appeal' in which he alternates between being represented by counsel and proceeding pro se by filing a supplemental pro se brief. Thus, on this court's own motion, we strike defendant's pro se brief and decline to address it or consider it in any way."); *see also People v. Thompson*, 773 N.E.2d 15, 19 (Ill. App. 2002).

---

[2] As for the ineffective assistance of counsel claim, it is not even raised in the supplemental brief. Petitioner contends that the argument was raised because he noted in the supplemental brief that he was briefing the suppression issue because counsel refused to brief it. Even if the Illinois Appellate Court had reviewed the supplemental brief–which it did not–the mere mention of counsel's failure to include the argument would not have sufficiently alerted the court of an ineffective assistance of counsel claim. Based on the record before it, it is unclear to this Court what exactly Petitioner expected counsel to argue with respect to his desired suppression motion, given that he consented to search of both the apartment and the suitcase.

Petitioner now claims, for the first time, that the rule against hybrid representation is improperly and inconsistently applied. He specifically takes issue with this Court's reading of *People v. McDonald*, a case where the Illinois Supreme Court affirmed that while hybrid representation is generally prohibited in Illinois courts, an exception exists for capital cases. *See People v. McDonald*, 660 N.E.2d 832 (Ill.1995). According to Petitioner, *McDonald* is not in line with current habeas doctrine. In addition, he argues that it is not consistently applied and therefore should not be considered an adequate and independent ground for judgment.

Petitioner contends that the bar against hybrid representation is contrary to the requirements of 28 U.S.C. §2254. He does not, however, offer even a hint of a basis for an argument as to why it is contrary to the statute and this Court will not conjure one for him. In addition, Petitioner argues that the bar is contrary to the holdings of the Supreme Court in *Picard v. Connor,* 404 U.S. 270, 275 (1971) and the Second Circuit in *Dorsey v. Kelly*, 112 F.3d 50 (2nd Cir. 1997), and *Reid v. Senkowski,* 961 F.2d 374, 376 (2nd Cir. 1992). Petitioner's argument is without merit. In *Picard,* for example, the Supreme Court determined that a state prisoner had failed to exhaust his state remedies when he attempted to raise an equal protection argument before the federal court without first raising it before the state court. *See Picard*, 404 U.S. at 275. The page that Petitioner cites from the *Picard* opinion is of little help to his case: it outlines why state prisoners must first exhaust their claims in the state court system before turning to the federal system. *See id.* Petitioner is correct that the Second Circuit cases he cites support the proposition that a properly submitted supplemental brief should put a court on notice of a petitioner's claims. But in this case, the Illinois court determined that the supplemental brief was not properly submitted. Illinois courts need not assume that a supplemental brief is properly

<-5-></->

submitted in Illinois merely because that same brief, if submitted to a court in the Second Circuit, would be considered properly submitted.

Petitioner also argues for the first time in these proceedings that the prohibition against hybrid representation is inconsistently applied and so is not an adequate ground of decision. In order to be an adequate ground of decision, the state's procedural rule must be both "firmly established and regularly followed.'" *See Braun v. Powell*, 227 F.3d 908, 912 (7th Cir. 2005)(citations omitted). The procedural ground may not be employed "infrequently, unexpectedly, or freakishly." *See id.* at 912. Petitioner has not shown that the Illinois Appellate Court's procedural basis for refusing to accept his brief–the fact that his counsel had already submitted a brief on his behalf–is a procedural ground that is employed infrequently, unexpectedly, or freakishly.[3]

This Court previously determined that Petitioner had failed to establish cause and prejudice. In his certificate of appealability, he again fails to do so. Given that Petitioner failed to present these claims to state court and did not establish cause and prejudice, this Court does not believe that jurists of reason would find its conclusion that these claims were defaulted debatable or wrong. Consequently, Petitioner's request for a COA on his ineffective assistance of counsel and Fourth Amendment claims is denied.

---

[3] At best, Petitioner argues that the fact that the Illinois Supreme Court granted his separate "motion for leave to supplement attorney's argument on petition to appeal" means that the procedural bar against filing pro se supplemental briefs is not firmly established and regularly followed. Petitioner's evidence supports the proposition that at one point in time, the Illinois Supreme Court made what appears to be an exception to what otherwise is a regularly followed and firmly established procedural rule. That one exception limited to capital cases is not sufficient to suggest that the bar against hybrid representation has been applied infrequently, unexpectedly, or freakishly.

In its opinion denying habeas relief, this Court remarked that even if Petitioner had not procedurally defaulted his Fourth Amendment claim, he would have been denied relief on the merits. Now, Petitioner requests a COA related to the merits of his Fourth Amendment claim.

In his request for a COA, Petitioner states that his iteration of facts in his habeas petition and ensuing briefing should not be read to indicate that he consented to the search and instead should be viewed as "merely stating the record." Petitioner, fails, however, to give this Court any reason to believe that the record is incorrect. The Antiterrorism and Effective Death Penalty Act (the "AEDPA") clearly states that factual findings that are reasonably based on the state court record are presumed to be correct, and can only be rebutted by the Petitioner with clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1); *see also Foster v. Schomig,* 223 F.3d 626, 631 (7th Cir. 2000); *Cossel v. Miller,* 229 F.3d 649, 651 (7th Cir. 2000); and *Todd v. Schomig* 283 F.3d 842, 846 (7th Cir. 2002). Petitioner has not presented such evidence in this case.

In his habeas petition, Petitioner described how the officers "asked to be allowed inside" and how "Defendant [Petitioner] agreed and stepped aside." Then, Petitioner wrote in his petition, "Officer Cardon then asked to see what was in the suitcase, the defendant opened it, and the officers observed inside a white plastic bag with lumps in it." After seeing the bag, the officers "then asked again to see what was in the plastic bag and defendant again opened it." Based on the facts in Petitioner's own habeas petition, it appears that he consented to the search and seizure, just as the Illinois courts found. *See U.S. v. Villegas*, 388 F.3d 317, 325 (7th Cir. 2004)(express verbal consent not required when nothing in the sequence of events indicates coercion or duress.).

In his COA, Petitioner adds nothing that would lead this Court to conclude that the factual findings of the state court were clearly erroneous.[4] As this Court determined in its earlier opinion, based on the record, Petitioner willingly consented to search of the apartment and the suitcase. Reasonable jurists would not find that conclusion debatable or wrong. Consequently, Petitioner's request for a certificate of appealability as to alleged Fourth Amendment violations is DENIED.

Petitioner also requests a COA with respect to his prosecutorial misconduct claims. He claims that his specific trial rights were violated when the prosecutor drew attention to the fact that he did not testify. He also argues the prosecutor improperly referenced both the war on drugs and his Nigerian nationality. The properly remedy, Petitioner contends, is a reversal of his conviction.

First, Petitioner contends that his specific Fifth Amendment right against incrimination was violated when the prosecutor stated: "the only person that knows where the G.D. exists is the defendant. The only testimony that you heard today was what he was coming from [sic] that witness stand." As both the Illinois Appellate Court and this Court have noted, the Prosecutor's comment did violate Petitioner's Fifth Amendment right. But a violation of the right does not necessarily lead to habeas relief: even after a constitutional violation has been established, the government can only prevail if it sustains the burden of proving beyond a reasonable doubt that the defendant would have been convicted absent the prosecutor's unconstitutional remarks. *See U.S. v. Hasting,* 461 U.S. 499 (1983).

---

[4] In fact, Petitioner himself noted, "If the encounter was consensual throughout as the trial judge concluded, then no [F]ourth [A]mendment protection is implicated."

The key shortcoming to Petitioner's prosecutorial misconduct argument is that the evidence overwhelmingly indicates that he would have been convicted, regardless of the prosecutor's comments. Four police officers saw Petitioner carry a suitcase containing what was later determined to be a substantial amount of heroin into an apartment. He consented to a search of the apartment, and of the suitcase. The search yielded the heroin. Nothing in the record indicates that any alternative explanation exists: the record clearly supports the conclusion, beyond a reasonable doubt, that a guilty verdict was appropriate.

Petitioner also argues that two other statements by the prosecutor violated his rights under the Fifth Amendment and merit habeas relief. But not all references to unrebutted testimony are inappropriate: a prosecutor's comment that the government's evidence is unrebutted is a violation of a defendant's Fifth Amendment rights if the only person who could have rebutted the evidence is the defendant. *See, e.g., Freeman v. Lane*, 962 F.2d 1252, 1261 (7th Cir. 1992). In Petitioner's case, for example, neither of the two comments he claims should earn him a new trial referred to evidence that could have only been rebutted by Petitioner. The first comment referred to the strength of the officer's testimony vis-a-vis the rest of the evidence before the jury. The evidence presented in Petitioner's defense was, according to the record, hardly expansive. The second comment referred to the time period when the police officer determined that Petitioner was in possession of a substance that appeared to be heroin. The record indicates that during that time, three other police officers and two bystanders were in the room. One of the officers testified at trial that he believed that one of the bystanders was the leaseholder of the apartment. The jury was alerted to the fact that Petitioner and the testifying officer were not the only people in the room while the events at issue took place. Presumably, at least the two

bystanders could have testified in support of Petitioner at trial if, as Petitioner suggests, the version of events put on by the State was not true.[5]

Moreover, even if both of these comments were found to be in violation of Petitioner's trial rights, he still does not merit relief as the record clearly indicates that the evidence against Petitioner was overwhelming. There is not "more than a reasonable possibility" that the jury would not have convicted Petitioner, had the prosecutor refrained from making those comments.

Petitioner also argues that the prosecutor acted improperly when she referenced his Nigerian nationality and the war on drugs, and that such references merit a certificate of appealability. The references to Nigeria were troubling, but were not "so inflammatory as to prejudice" Petitioner. *See United States v. Hernandez*, 865 F.2d 925, 928 (1989). The references to the war on drugs–while hardly compelling–were not per se improper. *See, e.g., U.S. v. Anderson*, 61 F.3d 1290, 1300 fn. 6 (7th Cir. 1995)(gathering cases). The state court's decision that these comments were not a basis for habeas relief was neither contrary to nor employed an unreasonable application of federal law. A reasonable jury would not have found this Court's decision debatable or wrong.

---

[5] The Illinois Appellate Court denied the ineffective assistance of counsel claim Petitioner raised during the post-conviction process. Petitioner alleged that his trial counsel was ineffective for failing to locate and call to the stand the bystanders who he claimed would have testified that he did not bring the suitcase into the apartment. The Illinois Appellate Court found that the Defendant had not provided any factual basis with respect to the bystanders suggesting that they were willing to testify or would provide the testimony described by Petitioner. Consequently, the Court determined that Petitioner had only raised "mere conclusory allegations" regarding the women that did not merit a hearing. This does not, however, mean that the jury was unaware of the bystanders or their failure to testify. The officer did mention the bystanders in his testimony and noted that one of them was a leaseholder. Petitioner's lawyer may have come to the same conclusion that the prosecutor wanted to lead the jury to in this case: that there were at least two bystanders in the room as the events unfolded and that neither of them could have contradicted the officer's testimony.

## Conclusion

For the foregoing reasons, Petitioner's request for a COA is DENIED. Given that this Court has ruled on his motion, and no outstanding issues remain in this case, Petitioner's requests for status quo are DENIED as MOOT. All outstanding motions are MOOT and TERMINATED. This action is CLOSED.

Enter:

/s/ David H. Coar
David H. Coar
United States District Judge

Dated: 7/07/2005